IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| SANNAH DAUDA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Case No.: 8:23-cv-00174-GLS ) |
| VALERY JEAN, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Plaintiff Sannah Dauda ("Plaintiff") initiated this action against Defendant Valery Jean ("Defendant"), alleging that the Defendant breached a promissory note, which Plaintiff sought to enforce.  (ECF No. 1).  Defendant filed an Answer.  (ECF No. 11).

Pending before this Court[1] is "Plaintiff's Motion for Summary Judgment" and memorandum in support thereto, (ECF Nos. 33, 33-1) (collectively "the Motion"), filed by Plaintiff.  Defendant filed his opposition ("Opposition") related thereto.  (ECF No. 34).  Plaintiff then filed a reply ("Reply").  (ECF No. 35).  The matter is fully briefed; accordingly, no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED IN PART, DENIED IN PART.**

---

[1] The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 15).

I.  **FACTUAL BACKGROUND**[2]

   A. **Undisputed Facts**

The following facts are undisputed.  On May 5, 2022, Plaintiff and Defendant signed a promissory note ("the Note").  (Note, J.A. 001-03; ECF No. 11, Answer," ¶ 1).  The Note includes the following, pertinent terms:

> For value received, the undersigned Valery Jean (the "Borrower") … promises to pay to the order of Sannah Yei Dauda (the "Lender")…the sum of $100,000 with interest from 06-05-2022 on the unpaid principal at the rate of 13% per month.
>
> **I. TERMS OF REPAYMENT**
>
> **A. Interest Payments.** Borrower will pay interest of $13,000 on the first day of each month beginning 06-05-2022.
>
> **B. Principal Payments.** Borrower will pay the principal $100,000 in full on or before 05-05-2023 together with any accrued interest.
>
> **C. Acceleration of Debt.** If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.
>
> **II. COLLECTION COSTS**
>
> If any payment obligation made under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether a lawsuit is commenced as part of the collection process.
>
> **III. DEFAULT**
>
> If any of the following events occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:
>
>> A) the failure of the Borrower to pay the principal and any accrued interest when due. . . .

---

[2] The Court views all evidence in the light most favorable to Defendant, the nonmoving party. *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761.

### IV. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

### V. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note. . .All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

### VI. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Maryland.

(Note, J.A. 001-02).

Defendant admits to signing the Note, promising to pay the Plaintiff the principal sum outlined in the note, plus interest, to wit $100,000 in principal to be payable on or before May 5, 2023 and interest at the rate of 13% per month ($13,000) payable each month until May 5, 2023. (Answer ¶¶ 1, 2).[3] Defendant also admits that he did not pay the interest due on June 4, 2022. (Answer ¶ 2).

### B. Disputed Facts

According to the parties, there are two factual issues principally in dispute.

*1. Payments*

Plaintiff claims that she paid the Defendant $100,000 in 2021 and 2022 in five installments:

---

[3] In his Answer, Defendant admits to the facts alleged in paragraphs 1-5 of the Complaint. (Answer, ¶ 1). Paragraph 5 explicitly states: "On 05/04/2022, the defendant did sign a promissory note(attached hereto as Exhibit A) promising to pay the plaintiff the principal sum called for in the note plus interest. The terms of the note were as follows: i. Principal of $100,000.00(sic) payable on or before 05/05/2023; ii. Interest of 13% per month ($13,000.00 (sic)) payable each month until 05/05/2023."

(1) $42,500 on August 27, 2021; (2) $23,000 on November 1, 2021; (3) $10,000 on December 3, 2021; (4) $15,000 on January 31, 2022; and (5) $16,000 on February 10, 2022. (Affidavit of Sannah Dauda, "Plaintiff's Affidavit," ¶ 5, J.A. 004; Bank Records, J.A. 005-011). In total, Plaintiff claims to have paid Defendant a total of $106,500. (*Id.*). In the Opposition, Defendant denies receiving $100,000 from Plaintiff, *see* Opposition, p. 3; however, Defendant does not offer any facts to substantiate his counternarrative.

      *2. Marc Menard*

The parties dispute whether an individual named Marc Menard ("Mr. Menard"), who is not a party to the lawsuit, played some sort of role in their interactions in a manner that somehow impacts the Note. In the Opposition, Defendant seems to suggest that there are "additional agreements" or "separate agreements" involving the parties and payments made to Menard.[4] (Opposition, pp. 3, 4). In support of this argument, Defendant proffers what appears to be text messages, which he believes evidence that an agreement relevant to the Note exists. (JA 12-15). One text message, which only has a partial date (Thu, July 7 at 1:28 pm), contains a text from someone identified as "Marc Investment 2" that he was "doing my best to get you your money by the end of this week." (J.A. 012). "Marc Investment 2" texted Plaintiff that he had asked the Defendant to talk to Plaintiff about an issue with his bank account. (*Id.*). As a part of that email chain, an unidentified individual sends a different text message to Plaintiff that "I just deposited money." (*Id.*). Next, as part of a text message that only has a partial date (Tue, Aug 2 at 8:55 am), Plaintiff sends a text message to Defendant, which says: "Can you talk to Marc to give my fiancé

---

[4] In the Opposition, Defendant alleges that "Plaintiff filed suit against Marc Menard on February 27, 2023 in The Supreme Court of New York, Nassau County in case number 603365/2023(sic)." However, Defendant does not offer any **facts** to support this claim that there is or was a pending case involving Mr. Menard, nor does he offer **specific facts** that he believes that the Court must consider at the summary judgment stage. *See* JA 001-JA0015. Thus, while it is true that a court may take judicial notice of "**fact[s]** that [are] not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *see* Fed. R. Evid. 201(b)(2), on this record, the Court has nothing before it that meets the evidentiary standard.

$5,000, our court wedding is on the 8/19/22 this month(sic)." (J.A. 013). In addition, as part of a text message that only has a partial date (Wed, Aug 17 at 12:45 pm), Plaintiff sends a text message to Defendant:

> I don't think I want to invest with Marc anymore, so I'm give you up September 30th for my $100,000. I'm tired with the issues with Marc's trading. It going to problem to problem and I'm not ready for that. Marc already breached the contract by not commit to do payment on time. At least a month and half is enough time for him to refund the $100,000 (sic")

(JA 14). As part of that email chain, Defendant responds "Ok," and then "one thing I know we are all panic, even you go to court things will take time, but definitely you will get your money(sic)." (*Id.*). Plaintiff responds "Valery stop!! Its wont take time that I'm 1000% sure. Marc got the money (sic)." (*Id.*). Finally, roughly fifty days later, as part of a text message that only has a partial date (Mon, Oct 3 at 11:49 am), Plaintiff writes to Defendant: "I texted Marc no response Then again I don't wanna do the investment anymore especially due to my condition I don't want any other stress Let him give my 100,000k(sic)." (JA 15). An unidentified person replies "Yes understood, let me fight this out, specially so care right now, personally I don't sue the guy, my lawyer told me this a long process, but I'm on it, your health first, (sic)."

Plaintiff counters that she is not aware of any side agreement relevant to the Note, and that the Note at issue in the instant case "was solely between [Defendant] and myself and no third parties were involved." (Plaintiff's Affidavit ¶¶ 6, 7; JA 04-05).

## II.   STANDARD OF REVIEW

Motions for summary judgment shall be granted only if there are no genuine issues as to any material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016).

The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Wit Man Tom v. Hospitality Ventures, LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020). The burden can be satisfied through the submission of, e.g., depositions transcripts, answers to interrogatories, admissions, declarations, stipulations, and affidavits. *Celotex Corp.*, 477 U.S. at 323; *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984); *see also* Fed. R. Civ. P. 56(c)(1)(A).

To defeat a motion for summary judgment, the nonmoving party cannot simply rest on allegations averred in its opposition or other brief. Rather, the nonmoving party must demonstrate that specific material **facts** exist that give rise to a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 323(emphasis supplied); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing Fed. R. Civ. P. 56(e))

The Court must construe the facts and documentary materials submitted by the parties, including the credibility and weight of particular evidence, in the light most favorable to the party opposing the motions. *Masson v. N.Y. Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson*, 477 U.S. at 255). Summary judgment is inappropriate if any material factual issue "may **reasonably** be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Finally, when considering a motion for summary judgment, courts are only allowed to consider evidence that would be admissible at trial. *Harvey v. Velasquez Contractor, Inc.*, Civ. No. GLS-19-1573, 2020 WL 5628976 at *2 (D. Md. Sept. 21, 2020) (to be entitled to consideration at the summary judgment stage, the evidence supporting the facts set forth by the parties must be such as would be **admissible** in evidence at trial) (emphasis in original) (citing *Casey v. Geek*

*Squad Subsidiary Best Buy Stores, L.P.*, 823 F.Supp.2d 334, 349 (D. Md. 2011)); *see also* Fed. R. Civ. P. 56(c)(2). Relatedly, unsworn and unauthenticated documents are not admissible when considering a motion for summary judgment. *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment").

### III. DISCUSSION

#### A. Parties' Arguments

Plaintiff advances several arguments in the Motion.  First, that because Defendant admits to executing the Note, to receiving $100,000 from her, and to breaching their contract by failing to repay the $100,000 borrowed, there is no genuine issue of material fact in dispute, thereby entitling her to entry of judgment in her favor on her claim for breach of the Note in the amount of the Principal ($100,000).  Second, she is also entitled to entry of judgment on the amount of interest she seeks because: (1) Defendant admits that he failed to pay interest due to her on June 4, 2022; and (2) no genuine dispute of material fact exists to refute that the Defendant is bound by the terms of the Note that require him to pay interest on the principal borrowed.  Third, Plaintiff is entitled to an award of attorneys' fees due to Defendant's breach of the Note. (Motion, pp. 2-6). In support of both arguments, Plaintiff relies on the Note and admissions in Defendant's Answer. (Note, J.A. 001-03; Answer ¶¶ 1, 2).

In his Opposition, Defendant advances several arguments.  First, Defendant contents that the Note is unenforceable because it is based on past consideration. Second, that there are "additional agreements" between the parties, including "separate agreements" involving someone named Marc Menard, which a jury should be allowed to consider.  Third, Defendant argues that Plaintiff did not pay him $100,000 and has failed to offer evidence of the same.  Fourth, even

assuming that summary judgment can be entered in Plaintiff's on her breach of the promissory note claim, the Note's interest rate is usurious and, therefore, this provision of the Note is unenforceable. (Opposition, pp. 3, 4).

**B. The Law on Contracts**

Under Maryland law, "[a] 'promissory note is, as between the parties to it, a contract, to which the basic rules of contract construction apply.'" *Krus v. Krus*, Civ. No. GLR-20-740, 2021 WL 2474397, at * 4 (D. Md. June 16, 2021) (citing *Jenkins v. Karlton*, 620 A.2d 984, 901, 329 Md. 510, 525 (1993)). In interpreting contracts, Maryland follows the objective theory of contract interpretation. *Myers v. Kayhoe*, 892 A.2d 520, 391 Md. 188, 198 (2006). Under this theory, a court, when construing an agreement, must first determine what a reasonable person standing in the parties' positions at the time the contract was made intended the contract to be. *See Gen. Motors Acceptance Corp. v. Daniels*, 492 A.2d 1306, 303 Md. 254, 261 (1985). If the language of the contract is plain and unambiguous, a court must presume the parties meant what they expressed in the agreement. *Gen. Motors Acceptance Corp.*, *supra*, 303 Md. at 261.

To prevail in a breach of contract claim under Maryland law, the plaintiff must show that: (1) the defendant owed the plaintiff a contractual obligation; and (2) that the defendant breached that obligation. *Taylor v. NationsBank, N.A.*, 776, A.2d 645, 365 Md. 166, 175 (2001).

To prove the existence of a valid contract, three elements must be satisfied: (1) offer; (2) acceptance; and (3) consideration. *B-Line Med., LLC v. Interactive Digital Sols., Inc.*, 57 A.3d 1041, 209 Md. App. 22, 46 (2012); *see also* Maryland Civil Pattern Jury Instructions, MPJI-Cv-9:2 (5th ed., 2018; 2023 Replacement Pages). "Consideration is defined as 'anything of value' to a party." *Putsche v. Alley Cat Allies, Inc.*, Civ. No. DLB-17-0255, 2023 WL 2473256, at *6 (D. Md. Mar. 13, 2023) (further quotation and citation omitted). A party to a contract breaches his/her

8

contractual obligation if he/she fails to perform a promise relating to the whole or part of a contract without legal excuse. *Kunda v. Morse*, 145 A.3d 51, 229 Md. App. 295 (2016).

### C. Analysis

#### 1. Enforceability of Promissory Note

Plaintiff argues that she is entitled to summary judgment because Defendant admitted to signing the Note and breaching the Note. Defendant counters that the Note is not a legally enforceable contract because it is supported by past consideration that is legally insufficient. Specifically, Defendant contends that the Note was based on past consideration because any benefit Defendant received was provided prior to the signing of the Note, and past consideration is insufficient to support a present promise to pay Plaintiff. Plaintiff responds by arguing that the Note is supported by legally sufficient past consideration.

As a preliminary matter, neither party disputes that the majority of the elements of a contract—namely, that two or more parties with the legal capacity to make the agreement did engage in a mutual agreement that is stated with reasonable certainty—are present. Defendant is challenging the adequacy of the consideration provided. Thus, Defendant's argument that the Note is unenforceable hinges on whether the Note was supported by consideration.

When reviewing all of the facts before it, the Court finds that Defendant fails to put forth sufficient facts, let alone admissible facts, to defeat summary judgment.

Construing the relevant and admissible facts before the Court, the Court first finds that Defendant admitted in his Answer that he entered into a valid contract.[5] The Complaint states:

> On 05/04/2022, the defendant **did sign a promissory note** (attached hereto as Exhibit A) **promising to pay** the plaintiff the principal

---

[5] Admissions within the pleadings are binding on the parties at summary judgment. *Bright v. QSP, Inc.*, 20 F.3d 1300, 1305 (4th Cir. 1994) ("admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions"); *Doe 2 by & through Doe 1 v. Fairfax Cnty. Sch. Bd.*, 832 Fed. Appx. 802 (4th Cir. 2020).

>   sum called for in the note plus interest. The terms of the note were as follows:
>   >   i. Principal of $100,000.00 payable on or before 05/05/2023
>   >   ii. Interest of 13% per month ($13,000.00) payable each month until 05/05/2023

(Compl. ¶ 5) (emphasis supplied). In addition, the Note states:

>   **For value received**, the undersigned Valery Jean (the "Borrower"), at 48 Winston Drive, Somerset, New Jersey 08873 **promises to pay** to the order of Sannah Yei Dauda (the "Lender") at 9594 Muirkirk Rd, Apt 102, Maryland 20708 (or at such other place as the Lender may designate in writing), the sum of $100,000 with interest from 06-05-2022 on the unpaid principal at the rate of 13% per month.

(Note, J.A. 001) (emphasis supplied).

In his Answer, Defendant wrote that he "admits all of the allegations in the following paragraphs of the Complaint: 1-5." (Answer ¶ 1). Thus, Defendant has admitted to signing the Note, and promising to pay Plaintiff the principal sum plus the stated interest. Admissions made in an Answer are binding on the parties. *See Bright v. QSP, Inc.*, 20 F.3d 1300, 1305 (4th Cir. 1994) ("admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions"); *Doe 2 by & through Doe 1 v. Fairfax Cnty. Sch. Bd.*, 832 Fed. Appx. 802 (4th Cir. 2020)(same). Thus, even when construing the facts in favor of the Defendant, the Court cannot ignore this evidence.

Next, in Maryland, consideration is defined as "anything of value." *See* Maryland Civil Pattern Jury Instructions, MPJI-Cv-9:9 (5th ed., 2018; 2023 Replacement Pages). Here, when evaluating all of the facts to which Defendant has admitted, the evidence is that Defendant executed a Note in which he "promis[ed] to pay" Plaintiff in recognition of "value received." (Compl. ¶ 5; Answer ¶ 1; Note, J.A. 001). Thus, even while construing all facts in Defendant's favor, Defendant has admitted through his Answer that something of value was exchanged between Plaintiff and Defendant. Accordingly, given that consideration is "anything of value,"

10

the Court finds that no genuine issue of material fact exists to suggest that the Note was not supported by consideration.

Even assuming, *arguendo*, that Defendant is correct that the text messages upon which he relies somehow call into question whether the Note, when executed, was supported by present consideration-- because any value received was provided by Plaintiff *prior* to the signing of the Note-- the Court still finds summary judgement in favor of Plaintiff on this issue to be appropriate. While it is true that past consideration is generally insufficient to support a present promise, "a present promise to pay in consideration of an act previously done at the request of the promisor will be enforceable as supported by sufficient consideration." *Reece v. Reece*, 239 Md. 649, 660 (1965). Put another way, if an agreement is made in recognition of a benefit previously received, the agreement is supported by consideration. *Id.*, at 660; *see also* Restatement (Second) of Contracts § 86 (1981) ("A promise made in recognition of a benefit previously received by the promisor from the promisee is binding to the extent necessary to prevent injustice"). Here, Defendant promised to pay Plaintiff after Plaintiff provided Defendant over $100,000. (Compl. ¶ 5; Answer ¶ 1; Note, J.A. 001; Bank Records, J.A. 007-011). Thus, even while construing the facts in the light most favorable to Defendant, no reasonable jury could conclude that the Note was not supported by consideration. Accordingly, the Court finds that the Note is an enforceable contract.

*2. Other Agreements*

Defendant asserts that the Note cannot be construed without considering the parties' "additional agreements," or without considering "separate agreements" with someone named Marc Menard. (Opposition, pp. 3, 4). (*Id.*). In support of his argument that additional or other agreements exist, the only evidence that Defendant cites to comes in the form of four pages of unauthenticated

11

text message conversations.  (J.A. 012-15).  Plaintiff counters that Defendant has failed to join Menard to this lawsuit and relies on unsupported allegations. [6]

Before finding that evidence is ultimately admissible at trial, as a preliminary matter, a court must first find that evidence to be relevant. Fed. R. Evid. 104(a).  As is pertinent here, in order to establish the relevance of particular form of evidence, it must be authenticated. McCormick on Evidence, §§ 179, 185 (8th Ed. 2020); 7 J. Wigmore § 2129 (Chadbourne Rev. 1978). In particular:

> [t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Fed. R. Evid. 901(a).  Thus, before determining that the text message conversations are relevant, the Court must first look at whether the text messages have been authenticated, i.e., whether the Defendant has produced **evidence** sufficient to support a finding that the text messages represent what Defendant claims that they are.  *Id.*

To  be entitled to consideration at the summary judgment stage, evidence offered by a party to support its version of the facts must "must be authenticated by and attached to an affidavit that meets the requirements of [Fed. R. Civ. P.. 56(e)]." *Orsi,* 999 F.2d at 92 (citations and internal quotation marks omitted). Thus, a court cannot consider unauthenticated exhibits. *Id.; see also Evergreen Sports, LLC. v. SC Christmas, Inc.*, 981 F.Supp. 2d 477, 484 (E.D. Va. 2013)(court declined to consider unauthenticated inventory and inventory schedules not attached to an affidavit when resolving summary judgment motion).

---

[6] Per Scheduling Order, the parties had until May 5, 2023, to join additional parties to this lawsuit.  (ECF No. 16, p. 2).  Defendant did not move to join Mr. Menard, despite stating in his Answer that he needed to be joined.  (Answer ¶ 6). Because Mr. Menard is not a party to this lawsuit, the Court could find that evidence regarding any other agreements involving Mr. Menard or whether Mr. Menard breached any other agreement is irrelevant to the present suit. *Blair v. Bethlehem Steel Corp.*, Civ. No 84-24, 1985 WL 56747 (D. Md. Feb. 8, 1985) (finding that allegations against a third party who is not a party to the lawsuit are irrelevant).

Reviewing JA 0012-15, the Court first finds that there is no affidavit or declaration that purports to explain what these text messages convey. Indeed, there is no evidence that sets forth the terms of the so-called other agreements involving Mr. Menard; when those other agreements were executed and by whom; and how the so-called other agreements impact the Note. Put another way, there is no **evidence** for this Court to review to determine whether there was an agreement between Plaintiff and Mr. Menard that was mutual and was stated with reasonable certainty with respect to particular terms and that is related to the Note.

Relatedly, there is no affidavit or declaration that explains what the text messages show. For instance, the text messages are devoid of information regarding the specific year that the messaging occurred. (JA 12-15). The Court also finds that one of the text messages refers to an individual named "Marc Investment 2;" there is no first last name or other identifying information from which the Court can reasonably infer that the message relates to Marc Menard. (JA 12). The fact that other text messages refer to "Marc" does not change the Court's analysis.

In sum, Defendant has not produced evidence sufficient to support that the text messages are what Defendant argues they represent. Therefore, because the text messages have not been properly authenticated, the Court need not consider them at the summary judgment phase. *See Evergreen*, 981 F.Supp. 2d at 484.[7]

---

[7] Assuming, *arguendo*, that text messages were properly authenticated, the Court is precluded from considering them because the terms of the Note are not ambiguous, nor is there any evidence that the formation of the contract was influenced by fraud, duress, or mistake. *Gen. Motors Acceptance Corp.*, 303 Md. at 261. When the language to a contract is clear and unambiguous, and there is no evidence of fraud, duress or mistake in the contract's formation, "parol evidence is not admissible to show the intention of the parties, or to vary, alter, or contradict the terms of that contract. *See Truck Insurance Exchange v. Marks Rentals, Inc.,* 288 Md. 428, 433, 418 A.2d 1187, 1190 (1980); *Equitable Trust Co. v. Imbesi,* 287 Md. 249, 271–72, 412 A.2d 96, 107 (1980). Here, Defendant does not allege that any of the terms of the Note are ambiguous. Even while construing the terms of the Note in the light most favorable to Defendant, the Court does not find any ambiguities in the terms of the Note. Nor does Defendant argue that the formation of the Note was influenced by fraud, duress, or mistake. In sum, because none of the factors that are necessary under Maryland law for a court to consider extrinsic evidence are present, the Court declines to consider the text messages.

### 3. Plaintiff's Breach of Promissory Note Claim

Having found that there is no dispute of material fact, the Court must now evaluate whether Plaintiff is entitled to summary judgment on the question of whether Defendant breached the terms of the Note. The parties do not dispute that the Note is an enforceable contract, and the Court has already held that it was a valid contract supported by adequate consideration. The Court has also held that Defendant admitted to executing the Note, whereby Plaintiff was to pay him $100,000.

Defendant admits that he failed to make the first interest payment due on June 5, 2022, as required by the terms of the Note. (Answer ¶ 2; Note, J.A. 001). Plaintiff has submitted an affidavit confirming that she paid Defendant and attached bank records confirming the transfer of funds. (Plaintiff's Affidavit ¶ 5, J.A. 004; Bank Records, J.A. 005-11). In the Opposition, Defendant denies receiving $100,000 from Plaintiff. However, Defendant has provided no **evidence** to support his claim that Plaintiff never paid him $100,000. Rather, he attacks the **Complaint** for allegedly failing to set forth dates and amounts of payments, and alleges that a full accounting is necessary of the payments Plaintiff made as well as of "the transactions that took place between Plaintiff and Menard." (Opposition, p. 3)(emphasis supplied). The Court has already held that no authenticated evidence exists that there were side agreements relevant for its consideration at the summary judgement stage.

To defeat summary judgment, Defendant has to put forth specific **facts** that give rise to a genuine issue for trial, and cannot just rest on his allegations in the Opposition. *Celotex Corp.*, 477 U.S. at 323. Defendant admits that he failed to pay interest due on or about June 5, 2022. Defendant has similarly failed to come forward with any evidence that he has repaid the Plaintiff. Even when construing the relevant evidence in Defendant's favor, no genuine issue of material fact exists to support the argument that Defendant did not have a contractual obligation to repay

the loan. Relatedly, no reasonable jury could find that he did perform on the contract. Thus, even when viewing the evidence in the light most favorable to Defendant, the unrefuted evidence establishes that Plaintiff provided $100,000 to Defendant, which the Defendant was obligated to repay, yet has failed to do so.

Accordingly, Plaintiff is entitled to summary judgment on her claim for breach of the promissory note.

**D. Damages**

*1. Principal Sum*

Plaintiff argues that she is entitled to damages of $100,000 for the principal sum. For the reasons cited herein, the Court finds that Plaintiff is entitled to $100,000 in damages for the principal sum.

*2. Interest*

Plaintiff argues that she is entitled to damages on the interest accrued because it is an express provision of the Note and Defendant is bound by the terms of the Note. Specifically, Plaintiff contends that the interest rate is an express and enforceable provision of the Note. Thus, the argument continues, Plaintiff believes that she is entitled to $156,000 in interest, based on the 13% monthly interest rate expressly stated in the Note. (Motion, p. 6; Reply, pp. 3-5). Defendant argues that the interest rate in the Note is unenforceable because it is usurious and unreasonable. (Opposition, pp. 2, 4).

In support of her argument that the interest rate is not usurious, Plaintiff cites to a particular statute, *see* Reply, pp. 4-5, which provides as follows:

> (a) Unless otherwise provided in the instrument, (i) an instrument is not payable with interest, and (ii) interest on an interest-bearing instrument is payable from the date of the instrument.

> (b) Interest may be stated in an instrument as a fixed or variable amount of money or it may be expressed as a fixed or variable rate or rates. The amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument. If an instrument provides for interest, but the amount of interest payable cannot be ascertained from the description, interest is payable at the judgment rate in effect at the place of payment of the instrument and at the time interest first accrues.

Md. Code Ann., Com. Law § 3-112 (1997). While Plaintiff is correct that parties to a contract can expressly include an interest rate as one of the terms of their agreement, the statute cited by Plaintiff does not contain any reference to the maximum interest permissible under Maryland law. Just because a specific interest rate is an express term included in a contract does not necessarily signify that the rate is enforceable. Rather, a court must examine whether the stated interest rate is greater than a rate allowed under Maryland law. Specifically, there is another statute that provides that there is a maximum interest rate permissible for various types of loans: the Maryland Usury Law. *Nationstar Mortgage LLC v. Kemp*, 258 A.3d 296, 476 Md. 149, 159 (2021).

Maryland's Usury Law defines "usury" as "the charging of interest by a lender in an amount which is greater than that allowed by [Subtitle I of Title 12]." *See* Md. Code Ann., Commercial Law ("CL") § 12-101(m)(2020). As is relevant here, the Court finds that the statute should apply to this loan because:

> (c) If a lender that makes or contracts to make a loan does not make a written election under this subtitle or [under other portions of this title related to consumer loans made by financial institutions; secondary mortgage loans; credit guarantor revolving credit provisions or credit guarantor closed end credit provisions], this subtitle still applies to the loan if the loan is:
>     (1) For an amount over $25,000; or
>     (2)(i) For an amount of $25,000 or less; and
>         (ii) Not subject to Subtitle 3 of this title.

*See* CL § 12-101.1 (2020). Here, the parties did not make a written election that the interest rate should be governed by any of the other subtitles, and the principal sum was greater than $25,000

(Note, J.A. 001-03). Thus, the Court finds that the interest rates outlined in Subtitle 1, as interpreted through CL § 12-101.1, govern whether the interest rate a contract is usurious.

In addition, unless another statute provides otherwise, "a person may not charge interest in excess of an effective rate of simple interest of 6 percent per annum on the unpaid principal balance of a loan." CL § 12-102(2020). However, the statute outlines other maximum interest rates that may apply if a loan meets certain characteristics. *See* Md. Code Ann., Com. Law § 12-103. In the present case, § 12-103(a)(1) applies, which states in pertinent part that:

> a lender may charge interest at an effective rate of simple interest **not in excess of 8 percent per year** on the unpaid principal balance of a loan if there is a written agreement signed by the borrower which sets forth the stated rate of interest charged by the lender.

(emphasis supplied). Here, the Note is a written agreement signed by the borrower which set forth the stated rate of interest charged by the lender. (Note, J.A. 001). Thus, this subsection of the statute applies, and the maximum permissible interest rate for the Note is 8% per year on the unpaid principal balance of the loan. Md. Code Ann., Com. Law § 12-103(a)(1).

The stated interest rate in the Note is 13% per month on the unpaid principal balance, which is greater than the legal limit of 8% per year. (Note, J.A. 001). Accordingly, because the stated rate of interest in the Note is greater than legally permissible, the interest rate is usurious. Md. Code Ann., Com. Law §§ 12-101, 12-103(a)(1); *see also Harry Berenter, Inc. v. Berman*, 265 A.2d 290, 258 Md. 290, 296 (1970); *Andrews v. Poe*, 30 Md. 485, 1869 WL 3435 (1869) (court must not enforce any contract or provision of a contract if it is illegal; thus Maryland's laws against usury "ought to be strictly enforced").

If a contract contains a usurious rate of interest, Maryland law establishes penalties for lenders who charge usurious interest rates. Specifically:

> [a]ny person who violates the usury provisions of [Md. Code Ann., Com. Law § 12-103] shall forfeit to the borrower the greater of: (i) three times the amount of interest and charges collected in excess of the interest and charges authorized by the subtitle; or (ii) the sum of $500.00.

Md. Code Ann., CL § 12-114(b)(1); *see S100, Inc. v. Odili*, Civ. No. TDC-22-0411, 2022 WL 5247569 at *7 (D. Md. Oct. 6, 2022) (finding that the remedy for a violation of § 12-103 is "payment of a penalty and the effective reduction of the interest rate").

Here, Plaintiff has not collected any amount of interest from Defendant, as Defendant defaulted when he failed to make the first interest payment due on June 4, 2022. (Answer ¶ 2). Since zero multiplied by three equals zero, the total under subsection (i) would be $0. Thus, because $500 is greater than $0, subsection (ii) applies. Accordingly, as a penalty, Plaintiff must deduct $500 from the total amount owed to rectify the fact that the Note contains an usurious interest rate. *S100, Inc.,* 2022 WL at 5247569, at *7. Relatedly, the interest rate must also be reduced to 8%/ per year; denial of the claim is not warranted. *Id.* at *7.

In sum, considering the relevant statutes, the Court finds that the interest rate of 13% per month on the unpaid principal balance is usurious. Accordingly, the Motion as to the amount of interest owed ($156,000) is hereby denied.

Instead, Plaintiff must recompute the interest at the rate of 8% per year, and shall deduct $500 from the total amount of interest owed. As set forth below, Plaintiff shall file a Motion for Certification of Damages, which will set forth the amount of interest due, taking into consideration the Court's ruling.

### 3. Attorney's Fees and Costs

In addition to the principal sum and interest payments, Plaintiff also argues that she is entitled to attorney's fees and costs of collection. (Motion, pp. 5, 6).

Plaintiff relies on the express provision of the Note stating that "If any payment obligation under this Note is not paid when due, the [Defendant] promises to pay all costs of collection, including reasonable attorney fees, whether a lawsuit is commenced as part of the collection process." (Note, J.A. 001). Defendant has admitted to failing to make the first interest payment due on June 4, 2022. (Answer ¶ 2). However, that does not end the Court's inquiry because the Court has held that the interest rate in the Note is usurious.

The Note contains a clause entitled "Severability of Provisions." (Note, J.A. 002). The clause states that "[i]f any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative." (*Id.*). If a contract has a severability provision, and the provision to be severed is not "logically inseparable" from the remaining provisions, then the remaining provisions remain in effect. *Etokie v. Carmax Auto Superstores, Inc.*, 133 F. Supp. 2d 390, 394 (D. Md. 2000). Here, the interest payment is not logically inseparable from the principal payment, attorneys' fees, and costs of collection, as the interest payment is clearly listed as a separate provision. (Note, J.A. 001). Thus, the Court holds that even though the interest rate is usurious and unenforceable, the remaining provisions of the Note remain enforceable.

Because, as held herein, the Defendant failed to fulfill his re-payment obligation under the Note, Plaintiff is entitled to recover attorneys' fees and costs of collection. However, Plaintiff has not briefed the Court on the precise amount of attorneys' fees and costs of collection that she believes are due.

Accordingly, as set forth in the accompanying Order, the Court will provide Plaintiff an opportunity to calculate the precise amount of interest and attorney's fees and costs that she believes is due by filing a Motion for Certification of Damages. That motion shall provide

sufficient documentation from with the Court may analyze the damages claimed for reasonableness. The motion shall also comply with the Local Rules for the U.S. District Court of Maryland, Appendix B (D. Md. 2023), related to attorney's fees, and should, where necessary, refer to the Guidelines for Bill of Costs for the U.S. District Court of Maryland (D. Md. 2022). Defendant will be given an opportunity to formally respond to Plaintiff's calculation of damages before the Court enters a final judgment in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (ECF No. 33), is **GRANTED IN PART, DENIED IN PART.**

A separate Order will follow.

Dated: August 30, 2024                                           /s/
                                                          The Honorable Gina L. Simms
                                                          United States Magistrate Judge