**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **SANNAH DAUDA,** | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **Civil Case No.: 8:23-cv-00174-GLS** |
| | **)** | |
| **VALERY JEAN,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**MEMORANDUM OPINION RELATED TO RECONSIDERATION MOTION**

Pending before the Court is a motion for reconsideration and memorandum in support thereto filed by Defendant Valery Jean ("Defendant"). (ECF Nos. 59, 59-1). In the reconsideration motion, Defendant asks the Court to reconsider its decision entering judgment in favor of Plaintiff Sannah Dauda ("Plaintiff") in which the Court awarded the payment of the unpaid interest on the promissory note. (*Id.*). The Court has also considered Plaintiff's response in opposition, and Defendant's Reply. (ECF Nos. 61, 63). These matters have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

For the reasons articulated herein, the Court shall deny Defendant's motion.

## I.   DISCUSSION

### A.  Procedural Background

In prior memorandum opinions issued by the Court, the procedural history of this case is set forth in greater detail. (ECF Nos. 41, 56). Thus, only some of the procedural history is detailed here.

Plaintiff filed her Complaint in this Court pursuant to 28 U.S.C. § 1332(a), alleging that Defendant breached a contract, to wit, failed to abide by the terms of a promissory note signed by the parties. (ECF No. 1).

Plaintiff later filed a motion for summary judgment, which Defendant opposed. (ECF Nos. 33, 34). When opposing summary judgment, Defendant advanced several arguments, including he denied that Plaintiff had paid him any money pursuant to a promissory note, let alone $100,000. (ECF No. 34). The Joint Appendix submitted by the parties contained a declaration from Plaintiff and bank records proffered by Plaintiff to establish that she paid $100,000 to Defendant. (ECF No. 38, pp. 10-14). Defendant did not submit any authentic and admissible documents to the Court to counter Plaintiff's narrative. (ECF No. 38). Thus, after reviewing the motions and evidence submitted, the Court found that Defendant failed to put before the Court sufficient facts to support his counternarrative and to create a genuine issue of material fact. (ECF No. 34). Accordingly, by prior Memorandum Opinion and Order, the Court found Defendant liable for breaching the promissory note, entered summary judgment in favor of Plaintiff, and ordered Defendant to repay the $100,000. (ECF Nos. 41, 42).

Because the terms of the promissory note required the Defendant to pay interest and attorney's fees and costs, the Court also held that Plaintiff was required to compute the amount of interest she was owed at a rate of 8% per year, and to file a motion that set forth the attorney's fees and costs owed. (*Id.*).

Plaintiff timely filed a motion for certification of damages, seeking an award of interest owed, attorney's fees, and costs. (ECF No. 42).  However, as chronicled in extensive detail in a prior memorandum opinion, Defendant failed to file a timely response, sought leave to conduct additional discovery, and made other filings. (ECF No. 56). In its Memorandum Opinion and

Order, the Court granted in part, denied in part the amount of damages that Plaintiff requested. (ECF Nos. 56-57). Based on the evidence before it, the Court awarded damages to Plaintiff in the amount of $100,000 to correspond to the amount of the unpaid promissory note, plus $7,500, which corresponds to the unpaid interest. (ECF Nos. 56-58). The Court also entered an award of attorney's fees for Plaintiff's counsel in the amount of $10,360, and costs in the amount of $547.00. (*Id.*).

Twenty-eight days after entering judgment, Defendant filed the Reconsideration Motion, relying upon Fed. R. Civ. P. 59(e). Attached to the Reconsideration Motion are exhibits, which purportedly are: "(1) a ledger of transactions between the parties; (2) receipts of counter deposits made by Defendant into Plaintiff's account(s); (3) excerpts of Defendant's bank statements; (4) Defendant's bank statements;" and (5) a few emails between counsel for the parties, which were dated between November 12, 2024 - February 6, 2025. (ECF Nos. 59-2, pp. 1-142; 59-3, pp. 1-4).

### B. Analysis

#### 1. Attorney's Fees and Costs

As a preliminary matter, Defendant does not contest the Court's findings related to attorney's fees and costs. *See* ECF Nos. 59, 59-1, and 63. Thus, the Court's order that Defendant pay Plaintiff's counsel attorney's fees in the amount of $10,360, and costs in the amount of $547.00 remains. Accordingly, by no later than **30 days** from the date of this Memorandum Opinion and corresponding Order, Defendant shall pay attorney's fees and costs to Plaintiff's counsel.

#### 2. Defendant's Arguments

In his Reconsideration Motion and Reply, the Defendant concedes that Plaintiff paid him $100,000. (ECF No. 59-1, p. 5). Thus, Defendant has now abandoned his prior claims that he did not receive money from Plaintiff. *See, e.g.,* ECF No. 34. However, Defendant claims that he has

3

already repaid Plaintiff the principal due under the promissory note ($100,000) plus $16,870. (ECF No. 59-1, pp. 2-6). According to the Defendant, then, he has already repaid the principal and has paid "at least 16% [in interest] per year," which constitutes "twice the legal maximum rate of interest." (ECF No. 59-1, p. 5). Thus, requiring him to pay $7,500 in interest would be usurious, and he asks the Court to not award Plaintiff an "impermissible amount of interest" (ECF No. 59-1, p. 6).

### 3. Legal Standard

The Fourth Circuit has held that when a court resolves a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e), there are only three limited grounds for granting such a motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008); *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

A Rule 59(e) motion "permits a [court] to corrects its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)(quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).

The court enjoys broad discretion in deciding whether to grant a reconsideration motion. *Pac. Ins. Co.*, 148 F.3d at 402.

The Court now analyzes each of the *Gagliano* elements.

### 4. First Element: Intervening Change in Law

In the Reconsideration Motion and Reply, Defendant does not assert that there has been an intervening change in law. Accordingly, the Court finds that the first possible basis for it to

reconsider and overturn its earlier rulings and entry of judgment does not apply. *Gagliano*, 547 F.3d at 241 n. 8; *Zinkand*, 478 F.3d at 637.

>    5.   *Second Element: New Evidence*

As the Court understands it, Defendant asserts that he has "newly obtained evidence and a legitimate justification for not producing it earlier." (ECF No. 59, p. 1).

It is worth noting that the relevant case law makes clear that a court is to analyze "*newly discovered* evidence," not "*newly obtained* evidence." This linguistic distinction is significant, because the court is to focus on evidence not previously discovered or available, and not on evidence that a litigant took his time to obtain. The second prong of the relevant test says "to account for new evidence *not previously available.*" *Zinkand*, 478 F.3d at 637; *Pac. Ins. Co.,* 148 F.3d at 403 (emphasis supplied). Thus, if a party seeks relief from judgment based on newly-discovered evidence, he must demonstrate:

>    (1) the evidence is newly-discovered since judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that it is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)(quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)).

Analyzing the first *Boryan* element, Defendant concedes that the evidence is not newly discovered. He asserts that he "could not [previously] recall the transfers he made to Plaintiff, and [had] no documentation to rely upon." (ECF No. 59-1, p. 3). He also concedes that he was aware that bank records existed, and asserts that he requested them from Bank of America in September 2023. He then seeks to blame Bank of America for not "deliver[ing] the records as expected." (*Id.*).

5

On this record, the Court finds that the evidence was not newly-discovered and holds that Defendant has failed to satisfy the first prerequisite required to trigger relief from judgment.

Analyzing the second *Boryan* element, the Court finds that the Defendant concedes that he has not been diligent in obtaining the bank records; indeed, Defendant says "to be clear, [I] was late to offer the bank statements for the Court's consideration." (*Id.*). Even if the Court incorrectly finds that Defendant has made this concession, for the reasons articulated in the Court's prior Memorandum Opinion, *see* ECF No. 56, pp. 5-10, the Court finds that the Defendant has not acted with diligence. Thus, the Court holds that Defendant fails to satisfy another prerequisite required to result in relief from judgment. *See also Pacific Ins. Co. v.*, 148 F.3d 396 at 403 (even when newly-discovered evidence is presented to a court, the party "must produce a legitimate justification for not presenting the evidence during the earlier proceeding").

The court in *Boryan* made clear that a movant must satisfy all five elements in order for a movant to obtain relief from judgment for new evidence. 884 F.2d at 771. Accordingly, because the Defendant has failed to meet his burden on the first two elements, the Court declines to analyze the three remaining *Boryan* elements.

In sum, Defendant has failed to meet its burden to demonstrate that the evidence is newly discovered. Accordingly, his motion for reconsideration is denied on this basis.

### 6. *Third Element: Clear Error of Law or Manifest Injustice*

Defendant contends that he does not raise "any novel arguments or legal theories" in the reconsideration motion. Instead, he "reiterates the same arguments and theories as in his answer and opposition to Plaintiff's motion for summary judgment." (ECF No. 59-1). According to the Defendant now, at the time that the Court resolved the summary judgment motion, Defendant argued that Plaintiff "failed to provide an accounting of transactions that took place between the

parties," and that evidence of "at least one transaction that Plaintiff entirely failed to acknowledge . . . came from Defendant." (ECF No. 59-1, pp. 2-4). Thus, he is not arguing under a new theory. Instead, Defendant seems to imply that the Court previously erred when it granted summary judgment by somehow failing to analyze the facts and the law. The Court declines to so find.

The Court finds that Defendant is attempting to relitigate old issues by trying to present newly-obtained evidence that could have been raised previously. The Fourth Circuit has made clear that a Rule 59(e) motion is not to be used as a vehicle to "relitigate old issues, or to raise arguments, or **present evidence that could have been raised before judgment was entered**." *Pac. Ins. Co.*, 148 F.3d at 403 (emphasis supplied). Put another way, a Rule 59(e) motion "is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Davis v. Maryland Parole Commission,* Civ. No. ELH-21-3164, 2023 WL 2023193, at *1 (D. Md. Feb. 14, 2023)(quoting *Matter of Reese*, 91 F.3d 37, 39)(7th Cir. 1996)(further citation omitted)). This is exactly what Defendant seeks to do here.

Finally, Defendant contends that because he has already repaid more than the principal due under the promissory note and more interest than was required, that a "manifest injustice" would occur if the Court were to require Defendant to pay $7,500 in interest. (ECF No. 59-1, pp. 5-6). In support of this argument, Defendant claims that he has already paid $16,870 and attempts to put bank statements and what he represents to be counter deposit receipts that he contends show how he has more than repaid Plaintiff in full. (ECF No. 59-2, pp. 3, 5-7, 9-18).

In this district, "clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, Civ. No. ELH 14-791, 2016 WL 1169937, at *3 (D. Md. March. 24, 2016)(quoting *King v.*

*McFadden*, Civ. No. 14-091 JMC, 2015 WL 4937292, at \*2 (D.S.C. Aug. 18, 2015)(further citation omitted)). Furthermore, the Fourth Circuit has cautioned that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (citing 11 Wright et al., *Fed. Prac. & Proc. Civ.* § 2810.1, at 124 (3d ed. 2012)).

Here, the Defendant fails to persuade the Court that it "patently misunderstood" his earlier arguments, acted "outside the adversarial process," or that it made an error of reasoning. Instead, he disagrees with a court's ruling and seeks to present documents that, had he acted with diligence, he could have raised before judgment was entered. The Fourth Circuit has held that "mere disagreement" with this Court's prior ruling "does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). This is because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installments in a potentially endless serial that would exhaust the resources of the parties and the court." *Pinney v. Nokia, Inc.*, 402 F.R.D. 430, 453 (4th Cir. 2005)(quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).

Next, even though on this record the Court is not required to review the documents submitted by Defendant, the Court nonetheless did so. The Court finds that Defendant has not provided the Court with documentation that bears sufficient indicia of reliability such that the Court can infer that Defendant has repaid Plaintiff in full. For example, the receipts that Defendant describes as counter deposits, do not contain any identifying information like Plaintiff's name or complete bank account numbers, and the numbers on these receipts do not correspond to the other information provided by Defendant. *See* ECF No. 59-2, pp, 3-7, 10-138. Thus, the Court cannot find that they are what Defendant claims them to be, namely proof that Plaintiff has been repaid

more than \$123,000.[1] Next, the emails between counsel for the parties do not constitute evidence that is probative of the damages issue before the Court.

In sum, the Fourth Circuit has made clear that a court's prior judgment cannot be "just maybe or probably wrong[.] *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)(quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d 228, 223) (7th Cir. 1988)).  Instead, it must "strike the court as wrong with the force of a five-week-old unrefrigerated dead fish." *Id.* On this record, I decline to find error.

## II.    CONCLUSION

For the aforementioned reasons, ECF No. 59 is **DENIED**.

The judgment entered in this case, ECF No. 58, remains in effect.

A separate Order will follow.

Dated: March 10, 2026

/s/

The Honorable Gina L. Simms
United States Magistrate Judge

---

[1] In awarding damages to the Plaintiff, the court's goal is to make Plaintiff whole, not to give Plaintiff a windfall. In the absence of, e.g., fraud or misconduct by the Plaintiff, the Court cannot find Defendant. *See, e.g., Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)(citing Fed. R. Civ. P. 60(b)).