IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **SANNAH DAUDA,** | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **Civil Case No.: 8:23-cv-00174-GLS** |
| | **)** | |
| **VALERY JEAN,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR SHOW CAUSE**

Pending before the Court is a "Motion for Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt" ("the Motion"), and a memorandum in support thereto  filed by Plaintiff Sannah Dauda ("Plaintiff"). (ECF Nos. 68, 68-1). In brief, Plaintiff asks the Court to direct Defendant Valery Jean ("Defendant") to show cause as to why Defendant should not be held in civil contempt for failing to abide by the Court's to pay $10,360 in attorney's fees and $547.00 in costs to Plaintiff. (*Id.*).   Defendant has not filed an opposition, and the time for responding has expired. Local Rule 105.2(a) (D. Md. 2025).  No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

For the reasons articulated herein, the Court shall deny Plaintiff's motion.

I.   **DISCUSSION**

A.  **Procedural Background**

In prior memorandum opinions issued by the Court, the procedural history of this case is set forth in greater detail. (ECF Nos. 41, 56, 64).  Thus, only some of the procedural history is detailed here.

Plaintiff filed her Complaint in this Court pursuant to 28 U.S.C. § 1332(a), alleging that Defendant breached a contract, to wit, failed to abide by the terms of a promissory note signed by the parties. (ECF No. 1).

By prior Memorandum Opinion and Order, the Court found Defendant liable for breaching a promissory note, entered summary judgment in favor of Plaintiff, and ordered Defendant to repay the $100,000. (ECF Nos. 41, 42).   After Plaintiff filed a motion for certification of damages, the Court issued a Memorandum Opinion and Order, granting in part, denying in part the amount of damages that Plaintiff requested. (ECF Nos. 56-57). Based on the evidence before it, the Court awarded damages to Plaintiff in the amount of $100,000 to correspond to the amount of the unpaid promissory note, plus $7,500, which corresponds to the unpaid interest.  (ECF Nos. 56-58). The Court also entered an award of  attorney's fees for Plaintiff's counsel in the amount of $10,360, and costs in the amount of $547.00. (*Id.*). The Court entertained and denied a motion for reconsideration filed by the Defendant. (ECF Nos. 59, 64, 65).  The Court instructed to satisfy the judgment and pay the attorney's fees and costs by no later than April 10, 2026. (ECF No. 65)

On June 3, 2026 Plaintiff filed the Motion pursuant to Fed. R. Civ. P. 70(a), 70(e), arguing that "civil contempt is a remedial sanction designed to coerce compliance with a court order or compensate the complainant for losses sustained. (ECF No. 68-1, "Memorandum," p. 1).

**B.  Analysis**

Plaintiff first avers that civil contempt is an available remedy to punish Defendant for failing to pay attorney's fees and costs. (Memorandum, pp. 1-2).  In support of her argument, Plaintiff relies upon Fed. R. Civ. P. 70(a).(*Id.*at 2-3).

Rule 70(a) provides that:

2

> If a judgement requires a party to convey land. . .or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court.

In  addition, Rule 70(e) provides that "a court may also hold the disobedient party in contempt."

It is certainly true that Rule 70(e) "provide a remedy of contempt if a party fails to comply with a judgment requiring the performance of a certain act" *Ecopetrol S.A. v. Offshore Exploration and Prod, LLC*, 172 F. Supp. 3d 691, 695 (S.D.N.Y 2016).  However, the Court finds that where, as here, Plaintiff seeks to enforce an "ordinary money judgment," the law is clear that Rule 70 does not apply, and a court's contempt power "should not be used to enforce a money judgment.". *Ecopetrol S.A.*, 172 F. Supp. 3d at 695; *see also  Spain v. Mountanos,* 690 F.2d 742, 744–5 (9th Cir.1982)( "ordinarily, the equitable remedies provided under Rule 70 are not appropriate in enforcing a money judgment"); *Gabovitch v. Lundy,* 584 F.2d 559 (1st Cir.1978).

 Instead, Fed. R. Civ. P. 69 applies.  Pursuant to Rule 69(a)(1), "a money judgment is enforced by a writ of execution, unless the court directs otherwise."  *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 980 (11th Cir.1986)(if a party fails to satisfy a court judgment, appropriate remedy is a writ of execution).  Here, having analyzed the procedural history and facts of this case, the Court finds no basis in fact or law to deviate from Rule 69(a)(1).

## II.   CONCLUSION

For the aforementioned reasons, ECF No. 68, is **DENIED**.

Dated: July 15, 2026

                    /s/                    
The Honorable Gina L. Simms
United States Magistrate Judge

3